Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Edward A. Bobrick | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 8138 | DATE | September 10, 2003 |
| CASE TITLE | *Ashley Arnold vs. Janssen Pharmaceutica, Inc., et al.* | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order regarding Plaintiff's Motion to Compel filed August 15, 2003.

*Edward A. Bobrick* (signature)

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | *number of notices* | Document Number |
| ✓ | Notices mailed by judge's staff. | | SEP 17 2003 date docketed | 75 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | | |
| | Copy to judge/magistrate judge. | 03 SEP 16 PM 9:00 | date mailed notice | |
| sh | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ASHLEY ARNOLD,           )
                         )
        Plaintiff,       )
                         )
    v.                   )      Case No: 01 C 8138
                         )
JANSSEN PHARMACEUTICA, INC., )  Magistrate Judge Bobrick
and JOHNSON & JOHNSON, INC., )
                         )
        Defendants.      )

## MEMORANDUM OPINION & ORDER

Before the court is PLAINTIFF'S MOTION TO COMPEL, filed August 15, 2003, in which plaintiff seeks from defendant discovery that was earlier sought under a Motion to Compel filed July 24, 2003. Plaintiff's previous motion, which sought production of documents, was denied on July 31, 2003, as untimely because written discovery had been closed since November 12, 2002. Plaintiff's instant motion seeks a host of information concerning defendant's employees who were considered or selected for certain management positions within defendant's organization. This is the very same discovery that was denied as untimely on July 31, 2001. As of the close of discovery on November 12, 2002, plaintiff had never sought discovery of this subject matter and, in fact, had acknowledged completion of written discovery in open court on November 22, 2002. (TR. 8, Status hearing of November 22, 2002 before Judge Edward A. Bobrick).

Undaunted by the court's previous ruling, plaintiff brings her instant discovery motion under the guise of a request for supplementation of discovery response under FED. R. CIV. P.

26(c). Plaintiff submits that the information sought had been described in earlier production requests she filed in April of 2002, namely Production Request No. 27, and that she is entitled to supplemental inquiries in this area of discovery.[1] Plaintiff's position is ill-founded.

First, Production Request No. 27 is hardly a model of appropriate discovery since, in its basic terms, it does not designate, identify, or direct the other party as to what information or documents are being requested. A reading of plaintiff's Production Request 27 shows no clear indication of the type of information or documents to be included in any production.[2] Production Request No. 27 essentially asks defendant to provide any possible relevant document which plaintiff failed to request in any of her other requests for production. It is a nonsensical, unspecific, broadly-worded discovery effort that would have been stricken in the first place had it been brought to the court's attention. As Defendant correctly put it, it was a "catch all" request. The reason the request had never been brought to the court's attention is that plaintiff, in a Local Rule 37.2 conference, apparently never contested defendant's objections to responding to the request (See Exhibit A to Defendant's Opposition to Plaintiff's Motion to Compel filed August 19, 2003). In any event, if we were to appropriately rephrase plaintiff's Production Request No. 27, so that it made sense and was not an open-ended ambiguous request, what it

---

[1] Somehow Production Request No. 3 and 9 was included in plaintiff's argument. We say "somehow" since Request 3 asked for "all files ... relating to plaintiff ..." and Request No. 9 seeks "... all notes ... reports, records ... prepared by defendant employees ... regarding Ashley Arnold ..." Production Request 3 and 9 did not refer to employees who applied for selected managerial positions.

[2] Request No. 27: Any and all other documents, reports, statements, notes, correspondence, records, e-mails, instructions or correspondence to Defendants' employees regarding Plaintiff's case/suit/documents/records in the possession of the Defendants which was not previously requested by any of the aforesaid requests but which is relevant to Plaintiff's causes of action or the Defendants' defense to same.

2

would seek are documents defendant sent to its employees which might have specifically referenced plaintiff's claim. Defendant has already provided these documents to plaintiff. No Production Requests served by Plaintiff, prior to November 2002, ever sought employee promotion information. No objections or challenges were raised by plaintiff to Defendant's production to written discovery filed before November 2002.

We understand the particular problems plaintiff's third set of attorneys are experiencing in preparing plaintiff's case. They have recently come into the case. We, however, took this into consideration and made allowances for them in our earlier scheduling orders. The fact that plaintiff's third set of attorneys are relatively new to the case does not grant them license to ignore the court's Orders regarding completed discovery, the court's Orders regarding scheduling of discovery, or the court's Orders identifying discovery that is appropriate.

Plaintiff's former attorneys, during the period established for written discovery, had staked out the scope of discovery. Her new set of lawyers are obliged to be content with it. This court had articulated an end to written discovery and plaintiff's attorneys will have to contend with that. Accordingly, since plaintiff's current MOTION TO COMPEL again seeks new areas of discovery, never before initiated against defendant within the prescribed discovery period, it will be denied.

It is hereby ordered that Plaintiff's August 15, 2003 MOTION TO COMPEL is DENIED, with costs and fees awarded to defendant from plaintiff in defending said motion.

Date: September 10, 2003

Edward A. Bobrick
U.S. Magistrate Judge

3